**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TEON KYUNG-AI, a.k.a. Quan Jingai, | No. 12-70383 |
| Petitioner, | Agency No. A098-291-886 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013**

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

Teon Kyung-Ai, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, including the agency's adverse credibility findings. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's adverse credibility finding based on Kyung-Ai's difficulties describing or demonstrating the Falun Gong exercises she asserted she regularly practiced. *See Don v. Gonzales*, 476 F.3d 738, 741-45 (9th Cir. 2007) (concluding evidence did not compel finding of credibility, where aspects of account were implausible and lack of detail went to heart of claim). Further, Kyung-Ai's explanations for these difficulties do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Accordingly, Kyung-Ai's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of CAT relief because Kyung-Ai's CAT claim is based on the same evidence the BIA found not credible, and she does not point to any other evidence in the record that would compel the finding she would likely be tortured if returned to China. *See id.* at 1156-57.

Finally, we lack jurisdiction to review Kyung-Ai's contention regarding difficulties in interpretation because she did not raise this issue to the BIA. *See*

*Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**